

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EMR/MEF:TBM/RSB
F. #2017R01960

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 29, 2025

<u>By Email & ECF</u>

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

The Honorable Orelia E. Merchant
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Jennifer Powers
                <u>Criminal Docket No. 25-281 (BMC)</u>

Dear Judge Cogan and Judge Merchant:

      The government respectfully moves—without opposition from defense counsel—to modify the defendant Jennifer Powers's conditions of release, which were imposed this afternoon by a magistrate judge in the Northern District of Texas.

      On September 17, 2025, the defendant was charged with sex trafficking five victims by force, fraud, and coercion, in violation of 18 U.S.C. § 1591, and interstate transportation for prostitution as to six victims, in violation 18 U.S.C. § 2421(a).  ECF No. 1.  On September 26, 2025, the defendant was arrested at her home in the Northern District of Texas.

      On September 29, 2025, the defendant appeared before Northern District of Texas Magistrate Judge Jeffrey L. Cureton for her initial appearance.  At the hearing, the government requested, among other consented-to pretrial conditions, that the Court impose a monetary bond—which would have entailed a bond signed by the defendant's parents, secured by their assets valued at approximately $850,000, and specifically their home and interest in an investment property (the "Secured Bond").  Judge Cureton released the defendant on the agreed conditions, except the Secured Bond, which he did not impose.  <u>See</u> Bond (enclosed as Exhibit A).

Title 18, U.S.C. § 3145(a)(1) provides, "If a person is ordered released by a magistrate judge . . . (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." The government respectfully requests that Your Honor modify the defendant's bond to include the consented-to Secured Bond condition, which Judge Cureton did not order. Specifically, the government moves for the bond to be modified to include the further condition that the defendant be released:

> upon bond in the amount of $850,000, signed by the defendant's mother and father, secured by their home and interest in an investment property, with seven days to perfect the bond.

For the reasons outlined in the government's detention memorandum, see ECF No. 6 (enclosed as Exhibit B and incorporated by reference), the defendant presents a significant flight risk and danger to the community, and the Secured Bond condition is necessary to ensure the defendant's appearance in court as required and the safety of the community.

Respectfully submitted,

JOSEPH NOCELLA, Jr.
United States Attorney

By: _____/s/_____
Tara McGrath
Raffaela Belizaire
Assistant United States Attorneys
(718) 254-6454/6295

Enclosures

cc:  Clerk of Court (BMC) (by ECF)
     Joey Mongaras, Esq. (by email)

Bond modified as requested.

SO ORDERED: 9/29/25

*Brian M. Cogan*
_____
USDJ