**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-against-<br><br>JENNIFER POWERS and<br>STEPHEN POWERS,<br><br>Defendants. | **No. 25-Cr. 281 (BMC) (S-1)** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS TAX CHARGES AGAINST JENNIFER POWERS AND STEPHEN POWERS FOR LACK OF VENUE**

Defendants Jennifer Powers and Stephen Powers respectfully submit this memorandum of law in support of their motion, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A)(i), to dismiss Counts Eleven through Sixteen, i.e., the "tax counts," against them for lack of venue.

## PRELIMINARY STATEMENT

On September 30, 2025, the Government filed a superseding indictment (the "Indictment") in this case charging Jennifer Powers and Stephen Powers, husband and wife, with six counts of filing false tax returns, in violation of 26 U.S.C. Section 7206(1), for tax years 2018 through 2023. *See* ECF No. 21 (Superseding Indictment, Counts Eleven through Sixteen). The tax counts are the only charges filed against Stephen Powers. [1]

[1] The Superseding Indictment charges Jennifer Powers with other counts. This motion exclusively addresses venue as to the six counts of filing false tax returns and does not constitute a waiver of Ms. Powers's right to object on the basis of venue as to any other counts against her in the Superseding Indictment. Ms. Powers specifically reserves all rights in that respect.

The tax counts fail to allege any conduct that occurred in the Eastern District of New York, and the Indictment expressly states that the conduct alleged in the tax charges occurred "within the District of New Jersey." ECF No. 21, ¶ 29. Specifically, Counts Eleven through Sixteen of the Indictment allege that:

> On or about the dates set forth in the table below, *within the District of New Jersey*, the defendants JENNIFER POWERS and STEPHEN POWERS, together with others, willfully made and subscribed, and filed and caused to be filed with the IRS, false Forms 1040 and/or Forms 1040X, for the calendar years set forth below, which were verified by written declarations that they were made under the penalties of perjury, and which the defendants did not believe to be true and correct as to every material matter, in that the tax returns reported income that was substantially less than the income they received.

*Id.* (emphasis added). On its face, the indictment establishes that venue in the Eastern District of New York is improper with respect to the tax charges. There can be no dispute, and the government does not dispute, that the government intentionally charged the tax counts "out of venue." The defendants timely move under Federal Rule of Criminal Procedure 12(b)(3)(A)(i) to dismiss the tax counts, Counts Eleven through Sixteen of the Indictment, for improper venue.

**Argument**

The bedrock legal principle that the government may not file charges against a person in a venue other than where the alleged illegal conduct occurred has its origins in the Constitution. Venue in federal criminal cases is grounded in both Article III, Section 2 of the Constitution, which requires that trial of crimes be held in the state where the offense was committed, and the Sixth Amendment's Vicinage Clause, which guarantees trial by a jury in the state and district where the crime was committed. U.S. Constitution, Art. III, Sixth Amend. This principle is codified in Federal Rule of Criminal Procedure 18, which provides "[u]nless a statute or these

rules permit otherwise, the government *must prosecute an offense in a district where the offense was committed.*" (Emphasis added). *See also United States v. Cabrales*, 524 U.S. 1, 5 (1998) ("[b]oth Rule 18 of the Federal Rules of Criminal Procedure and the Constitution require that a person be tried for an offense where that offense is committed") (cleaned up).

Where it is undisputed or apparent from the face of the indictment that venue is improper, dismissal without prejudice is the proper remedy. *See United States v. DeJesus*, No. 17-CR-370 (VEC), 2017 WL 3738783 (S.D.N.Y. Aug. 30, 2017) (granting motion to dismiss indictment for improper venue where it was undisputed that the defendant was stopped in New Jersey and all essential conduct (possession of a firearm) occurred outside the Southern District of New York); *United States v. Perlitz*, 728 F. Supp. 2d 46 (D. Conn. 2010) (dismissing sex tourism indictment for improper venue where the indictment itself showed that all essential conduct elements (travel in foreign commerce and illicit sexual conduct) occurred outside Connecticut). *See also United States v. Brennan*, 183 F.3d 139 (2d Cir. 1999) (remedy for prosecution in an unlawful venue is reversal of conviction and dismissal of indictment). Where a defendant is charged with multiple counts, venue must be proper with respect to each individual charge. *See United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181 (2d Cir. 1989).

Here, the Eastern District of New York's lack of venue over the tax charges is apparent from the face of the indictment, which states that the conduct at issue in each of the tax counts, i.e., filing false tax returns, occurred in the District of New Jersey. *See* ECF No. 21, ¶ 29. The Government cannot, and does not, dispute that venue in the Eastern District of New York is improper as to the tax counts. Dismissal of counts Eleven through Sixteen of the indictment without prejudice is therefore the only appropriate remedy. Because Counts Eleven through

Sixteen are the only charges against Steven Powers, the bail restrictions as to Mr. Powers should also be vacated.

**<u>Conclusion</u>**

For the foregoing reasons, the Court should dismiss Counts Eleven through Sixteen of the indictment against Jennifer and Stephen Powers for improper venue, vacate the bail restrictions against Mr. Powers, and grant such other and further relief as the Court deems just and proper.

August 14, 2026

Respectfully submitted,

KOSTELANETZ & FINK LLP

*/s/*

Sharon L. McCarthy
Christopher M. Ferguson
7 World Trade Center, 34th Floor
250 Greenwich Street
New York, NY 10007
T: 212-808-8100
F: 212-808-8108
smccarthy@kostelanetz.com
cferguson@kostelanetz.com

*Attorneys for Defendant Stephen Powers*

SCHLAM STONE & DOLAN LLP

*/s/*

Jolene F. LaVigne-Albert
Angela Li
26 Broadway
New York, NY 10004
212-344-5400
jlavignealbert@schlamstone.com
ali@schlamstone.com

ROTUNNO & GIRALAMO

*/s/* ______________________________

Donna Rotunno
140 S. Dearborn Street,
Suite 404
Chicago, Illinois 60603
(708) 615-9400
donna@rotunnogiralamo.com

CHERONIS & PARENTE LLC

*/s/* ______________________________

Damon M. Cheronis
140 South Dearborn Street, Suite 404
Chicago, Illinois 60603
(312) 663-4644
damon@cheronislaw.com

*Attorneys for Defendant Jennifer Powers*