**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RAB:KCB/RSB

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 21, 2026

By Email and ECF

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Jennifer Powers and Stephen Powers
Criminal Docket No. 25-281 (BMC)

Dear Judge Cogan:

The government respectfully submits this letter in response to the motion to dismiss Counts Eleven through Sixteen of the superseding indictment in this case (the "Tax Counts") filed by defendants Jennifer Powers ("J. Powers") and Stephen Powers ("S. Powers") for lack of venue. Defendant S. Powers further moves the Court to vacate the bail restrictions against him. The government does not object to the motion insofar as it seeks dismissal of the Tax Counts without prejudice.[1]

## I. Factual Background

On September 30, 2025, a grand jury sitting in the Eastern District of New York returned a sixteen-count Superseding Indictment charging Howard Rubin, J. Powers, and S. Powers with various crimes including, as relevant here, six counts of filing false tax returns in violation of Title 26, United States Code, § 7206 as to J. Powers and S. Powers. See ECF No. 21. While J. Powers is charged with additional crimes, S. Powers only faces the Tax Counts. Id.

[1] However, as the government will explain under separate cover, the government respectfully requests that the Court reserve decision on the motion to dismiss until the issues related to potential conflicts have been addressed at the Curcio hearing scheduled for August 26, 2026.

In relation to the Tax Counts, the Superseding Indictment alleges that the false tax filings occurred "[o]n or about the dates set forth [in Counts Eleven through Sixteen], within the District of New Jersey…." Id. The government has unambiguously disclosed—in the Superseding Indictment, as well as in discussions with defense counsel—that venue for the Tax Counts does not lie in this District.

The Court has not yet set a schedule for the filing of pretrial motions. However, on August 14, 2026, J. Powers and S. Powers moved to dismiss the Tax Counts for lack of venue. See Def. Mot. to Dismiss, ECF No. 120 ("Def. Mot.").

## II. Applicable Law

"[V]enue is a privilege provided for the benefit of the accused, rather than a limitation on the jurisdiction of the court, and as such may be waived by the defendant." United States v. Olmeda, 461 F.3d 271, 285 n.13 (2d Cir. 2006) (quoting 2 Charles Alan Wright, Federal Practice and Procedure § 306 (3d ed.1999) (alteration marks omitted)). When a "defect in venue is apparent on the face of the indictment, a defendant waives the right to contest the issue if he or she fails to object prior to trial." United States v. Novak, 443 F.3d 150, 161 (2d Cir. 2006); see United States v. Jones, 162 F.2d 72, 73 (2d Cir. 1947) (same). A defendant likewise waives a venue objection by not raising it before trial "when . . . statements by the prosecutor clearly reveal [a venue] defect." Novak, 443 F.3d at 161 (quoting United States v. Price, 447 F.2d 23, 27 (2d Cir. 1971)).

## III. Discussion

The government does not object to the dismissal of the Tax Counts as to J. Powers and S. Powers without prejudice, and a vacatur of the bail restrictions as to S. Powers. See United States v. Motz, 652 F. Supp. 2d 284, 296 (E.D.N.Y. 2009) (dismissing counts on venue grounds "without prejudice" to repleading or presentation to a grand jury in a different district); Def. Mot. at 3 (conceding that "dismissal without prejudice is the proper remedy").

Though the government does not object to the dismissal of the Tax Counts without prejudice, the defendants are incorrect that "the government may not file charges against a person in a venue other than where the alleged illegal conduct occurred." Def. Mot. 2. The government and grand jury acted appropriately in charging J. Powers and S. Powers with offenses as to which there was no venue for a trial in this district. Federal Rule of Criminal Procedure 18 provides that "the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18 (emphasis added). But commentary to that Rule "indicates [that] a 'prosecution' does not encompass grand jury proceedings." United States v. Cessa, 856 F.3d 370, 374 (5th Cir. 2017); see id. (identifying other considerations supporting this conclusion). Thus, the Federal Rules of Criminal Procedure allow the government to proceed

exactly as it did here: obtain an indictment from a grand jury in a district that lacks venue, but—if the defendant raises a venue objection—decline to prosecute those counts in that district.[2]

Further, charging a defendant with offenses in a district that lacks trial venue is also consistent with the Constitution. "The Constitution expressly protects the right of a criminal defendant to be tried only in the state or district where the alleged crime was committed, but it has nothing to say about whether a criminal defendant has an additional right not to be charged except by a grand jury of the state or district where the alleged crime occurred." United States v. Flotron, No. 3:17-CR-00220 (JAM), 2018 WL 1951117, at *4 (D. Conn. Apr. 25, 2018) (emphasis in original).

Therefore, the government does not object to dismissal of the Tax Counts without prejudice so that the government can present these counts to a grand jury in a different district. Assuming the Court grants the defendants' motion, all pending counts as to S. Powers would be dismissed and thus the government would consent to vacating his bail restrictions.

IV. Conclusion

In light of the above, the government does not oppose defendants J. Powers and S. Powers' motion to dismiss the Tax Counts without prejudice for lack of venue.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Kayla Bensing
Tara McGrath
Raffaela S. Belizaire
Nina Gupta
Assistant U.S. Attorneys
(718) 254-7000

---

[2] The government's decision to present out-of-district counts to the grand jury gave J. Powers the option of proceeding by way of a single trial on all crimes alleged by the government. Of course, she could not have waived venue as to any counts—and chosen to stand trial on them at one time in this District—if the government had not presented them to the grand jury in this District.